# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2020

Lyle W. Cayce
Clerk

No. 19-40346
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEFF VINCENT GRAINGER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-549-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Jeff Vincent Grainger appeals the 42-month sentence imposed following his conviction of transporting an undocumented alien, who, the record evidence showed, Grainger transported in a space below the toolbox located in the uncovered bed of his pickup truck. He contends that the district court erred by imposing a U.S.S.G. § 2L1.1(b)(6) enhancement because the offense involved

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the intentional or reckless creation of a substantial risk of death or serious bodily injury to the alien being transported.

We review the district court's application of § 2L1.1(b)(6) de novo. *United States v. Maldonado-Ochoa,* 844 F.3d 534, 536 (5th Cir. 2016). The Government has the burden of proving, by a preponderance of the evidence, the facts necessary to support the enhancement, and this court applies a deferential clear error standard of review to the district court's fact findings supporting the enhancement. *United States v. Rodriguez,* 630 F.3d 377, 380 (5th Cir. 2011).

In determining whether a § 2L1.1(b)(6) adjustment is warranted, we do not apply bright-line rules but "must engage in a fact-specific inquiry." *Maldonado-Ochoa,* 844 F.3d at 537 (internal quotation marks and citation omitted). We have articulated a five-factor test based on the following non-exhaustive list of factors: (1) the availability of oxygen; (2) the exposure to temperature extremes; (3) the aliens' ability to communicate with the driver of the vehicle; (4) the aliens' ability to exit the vehicle quickly; and (5) the danger to the aliens if an accident occurs. *United States v. Zuniga-Amezquita,* 468 F.3d 886, 889 & n.4 (5th Cir. 2006).

We have repeatedly held that the transportation of unrestrained aliens in pickup-truck beds without camper shells is "inherently dangerous" and warrants a § 2L1.1(b)(6) enhancement. *Maldonado-Ochoa,* 844 F.3d at 537. Although Grainger contends that his case is distinguishable because the alien travelled in the bed only briefly and for a short distance, this court has specifically rejected such arguments. *See Maldonado-Ochoa* 844 F.3d at 537-38.

In addition, Grainger fails to show that the district court clearly erred by adopting the factual findings contained in the presentence report, which stated

that the temperature was 97 degrees Fahrenheit on the day at issue, and by relying upon photographic evidence introduced by the Government showing that the temperature in Grainger's truck bed registered approximately 102 degrees Fahrenheit. *See Rodriguez*, 630 F.3d at 380. The district court did not err by imposing the § 2L1.1(b)(6) enhancement based on the danger posed to the alien in the event of an accident and the extreme temperatures to which she was exposed. *See Maldonado-Ochoa,* 844 F.3d at 536-37; *Zuniga-Amezquita*, 468 F.3d at 889.

AFFIRMED.